1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   THEODORE BUTLER,                 )   Civil No. 11cv02684 CAB(RBB)
                                      )
11                 Plaintiff,         )   **ORDER DENYING PLAINTIFF'S**
                                      )   **MOTION TO AMEND [ECF NO. 69]**
12   v.                               )
                                      )
13   CLARK KELSO, J. WALKER, M.       )
     GLYNN, RICKI BARNETT, P.         )
14   JAYUNSUNDARA, AND L.D. ZAMORA,   )
                                      )
15                 Defendants.        )
     _____)

16

17        Plaintiff Theodore Butler, a state prisoner proceeding pro se

18   and in forma pauperis, filed a Complaint on November 16, 2011,

19   pursuant to 42 U.S.C. § 1983 [ECF Nos. 1, 4].  On May 23, 2012, he

20   filed a First Amended Complaint alleging that Defendants, prison

21   officials, violated his Eighth Amendment right to be free from

22   cruel and unusual punishment by acting with deliberate indifference

23   to his serious medical needs.  (First Am. Compl. 4-8, ECF No. 23.)[1]

24        Defendant Kelso filed an Answer on June 7, 2012 [ECF No. 26].

25   The remaining Defendants, Jayunsundara, Walker, Rivera, Glynn,

26   Zamora, and Barnett, filed an Answer on July 5, 2012 [ECF No. 38].

27   _____

28        [1]  Because the Complaint and its attachments are not
     consecutively paginated, the Court will cite to this pleading using
     the page numbers assigned by the electronic filing system.

1    Plaintiff's "Motion To Amend His Complaint's Prayer For Relief
2  To Include Request For Prison Release Order" ("Motion to Amend")
3  was filed nunc pro tunc to October 17, 2012 [ECF No. 69].
4  Defendant Kelso filed a Notice of Non-opposition to Plaintiff's
5  Motion to Amend on November 1, 2012 [ECF No. 71].  Jayunsundara,
6  Walker, Rivera, Glynn, Zamora, and Barnett filed Defendants'
7  Opposition to Plaintiff's Motion to Amend on November 9, 2012 [ECF
8  No. 73].

9    Because Butler requested that he be allowed to amend his
10 Complaint to include a request for a prison release order, see
11 Pl.'s Mot. Amend Compl.'s Prayer 1, ECF No. 69, on November 13,
12 2012, the Court directed Defendants to file a supplemental brief
13 "addressing the applicability of Preiser v. Rodriquez, 411 U.S.
14 475, 500 (1973) . . . ."  (Mins. 1, ECF No. 74.)  Defendant Kelso
15 filed his supplemental brief on November 19, 2012, in response to
16 the order [ECF No. 76].  The remaining Defendants also submitted
17 their Court-ordered supplemental brief on the same date.  [ECF No.
18 77].[2]

19   Butler filed a Reply to Defendants' Opposition on November 28,
20 2012 [ECF No. 81].

21   For the reasons discussed below, the Motion to Amend [ECF No.
22 69] is **DENIED**.

─────────────

24    [2] Plaintiff is seeking an immediate release from custody, but
he bases his entitlement to release on prison conditions resulting
25 in cruel and unusual punishment.  (See Pl.'s Mot. Amend Compl.'s Prayer 1,
ECF No 69.)  The Court concludes that Preiser is not applicable to
26 this motion.  Preiser stands for the proposition that "when a state
27 prisoner is challenging the very fact or duration of his physical
imprisonment, and the relief he seeks is a determination that he is
entitled to immediate release or a speedier release from that
28 imprisonment, his sole federal remedy is a writ of habeas corpus."
Preiser, 411 U.S. at 500.  Preiser does not apply.

## I.  FACTUAL BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 1983 by a California state prisoner [ECF No. 23].  Butler contends that his constitutional rights were violated while he was incarcerated at Richard J. Donovan State Prison between May 19, 2010, and October 19, 2011.  (See First Am. Compl. 3, ECF No. 23.)  Plaintiff maintains that the Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  (See id. at 4.)  He alleges that Defendants Kelso, Walker, Barnett, Glynn, and Zamora refused to authorize a drug needed to treat Butler's hepatitis C virus.  (Id. at 6-7.)  Plaintiff further contends that Defendant Glynn reviewed Plaintiff's administrative appeal at the second level and responded, "You will receive hepatitis C medication if recommended by the Infectious Disease Specialist . . . ."  (Id. at 7, 39.)  Butler asserts that he was seen by a specialist who recommended boceprevir, a protease inhibitor, but Defendants continued to deny him the drug.  (Id. at 7.)  Defendant Jayunsundara is a nurse practitioner at the prison.  (Id. at 8.)  Plaintiff asserts that Jayunsundara denied his request for "reasonable accommodation of outpatient medical diet and dietary supplements."  (Id.)

## II.  DISCUSSION

### A.  Motion Liberally Construed

In Plaintiff's current motion, he requests that the Court allow him to amend his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Pl.'s Mot. Amend Compl.'s Prayer 1, ECF No. 69.)  Butler wishes to include a request for a "Prison Release Order" in his prayer for relief.  (Id.)  Although

11cv02684 CAB(RBB)

1   Plaintiff alleges that he is moving to amend only to add an

2   additional prayer for relief, his request is based on allegations

3   not asserted in his original or First Amended Complaint.  (See id.;

4   see generally First Am. Compl., ECF No. 23.)  Butler is seeking a

5   Prison Release Order "due to prison overcrowding -- and the

6   financial crisis of California Prison Health Care Services as

7   direct result."  (Pl.'s Mot. Amend Compl.'s Prayer 1, ECF No. 69.)

8   Other than this motion, Plaintiff's pleadings make no mention of

9   prison overcrowding as a basis for relief.  (See generaly Compl.,

10  ECF No. 1; First Am. Compl., ECF No. 23.)

11      Thus, construing Plaintiff's motion liberally, as required by

12  Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court finds that

13  Butler's motion is more properly construed as a motion for leave to

14  amend to include an additional Eighth Amendment violation based on

15  prison overcrowding, and to add an additional prayer for relief

16  based on this claim.

17  B.   **Failure to State a Claim Upon Which Relief May be Granted**

18       1.   **Legal Standards**

19            a.   **Sua sponte dismissal of claims**

20      The Prison Litigation Reform Act of 1995 ("PLRA") requires

21  courts to review complaints filed by prisoners against officers or

22  employees of governmental entities.  See 28 U.S.C.A. §§

23  1915(e)(2)(B), 1915A(b) (West 2012); Lopez v. Smith, 203 F.3d 1122,

24  1124, 1126-28 (9th Cir. 2000) (en banc).  Courts must dismiss

25  complaints or any portion of complaints that are frivolous,

26  malicious, fail to state a claim, or seek monetary relief from a

27  defendant who is immune from such relief.  Lopez v. Smith, 203 F.3d

28  at 1126-27.

1   Section 1915(e)(2)(B)(ii) essentially "'parallels the language

2   of Federal Rule of Civil Procedure 12(b)(6).'"   Id. at 1127

3   (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

4   1998)).   Section 1915(e)(2)(B)(ii) requires the Court to dismiss

5   the case if "'at any time . . . the court determines that . . . the

6   action or appeal . . . fails to state a claim on which relief may

7   be granted.'"   Barren, 152 F.3d at 1194 (quoting 28 U.S.C.

8   § 1915(e)(2)(B)(ii)).   The same standard of review applies to a sua

9   sponte dismissal under § 1915(e)(2)(B)(ii) or a dismissal under

10   Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Huftile v.

11   Miccio-Fonseca, 410 F.3d 1136, 1138 (9th Cir. 2005) (citing id.).

12          **b.   Federal Rule of Civil Procedure 8(a)(2) and**

13                **conclusory allegations**

14   Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

15   contain a "short and plain statement of the claim showing that the

16   pleader is entitled to relief."   In both, Bell Atlantic Corp. v.

17   Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 663

18   (2009), the Supreme Court held that "the pleading standard Rule 8

19   announces does not require 'detailed factual allegations,' but it

20   demands more than an unadorned, the-defendant-unlawfully-harmed-me

21   accusation."   Iqbal, 566 U.S at 678 (quoting Twombly, 550 U.S. at

22   555).

23   Butler's pleading must contain "enough facts to state a claim

24   to relief that is plausible on its face."   Twombly, 550 U.S. at

25   570.   "A claim has facial plausibility when the plaintiff pleads

26   factual content that allows the court to draw the reasonable

27   inference that the defendant is liable for the misconduct alleged."

28   Ashcroft, 556 U.S. at 678.   The court must accept as true all

1  material allegations in the complaint, as well as reasonable

2  inferences to be drawn from them, and must construe the complaint

3  in the light most favorable to the plaintiff. Cholla Ready Mix,

4  Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v.

5  City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch.

6  of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); NL

7  Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  The

8  court does not look at whether the plaintiff will "ultimately

9  prevail but whether the claimant is entitled to offer evidence to

10 support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

11 see Twombly, 550 U.S. at 563 n.8.

12      Further, the court need not accept generalized allegations in

13 the complaint as true; rather, it must "'examine whether [they]

14 follow from the description of facts as alleged by the plaintiff.'"

15 Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting

16 Brian Clewer, Inc. v. Pan American World Airways, Inc., 674 F.

17 Supp. 782, 785 (C.D. Cal. 1986)); see Halkin v. VeriFone, Inc., 11

18 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, Inc., 382

19 F.3d at 973 (quoting Clegg v. Cult Awareness Network, 18 F.3d 752,

20 754-55 (9th Cir. 1994)).  "Nor is the court required to accept as

21 true allegations that are merely conclusory, unwarranted deductions

22 of fact, or unreasonable inferences." Sprewell v. Golden State

23 Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

24      c.   **Standards applicable to pro se litigants**

25      Where a plaintiff appears in propria persona in a civil rights

26 case, the court must construe the pleadings liberally and afford

27 the plaintiff any benefit of the doubt. Karim-Panahi v. Los

28 Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule

1    of liberal construction is "particularly important in civil rights

2    cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

3    In giving liberal interpretation to a pro se civil rights

4    complaint, courts may not "supply essential elements of claims that

5    were not initially pled." Ivey v. Bd. of Regents of the Univ. of

6    Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory

7    allegations of official participation in civil rights violations

8    are not sufficient . . . ." Id.; see also Jones v. Cmty. Redev.

9    Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory

10   allegations unsupported by facts insufficient to state a claim

11   under § 1983). "The plaintiff must allege with at least some

12   degree of particularity overt acts which defendants engaged in that

13   support the plaintiff's claim." Jones, 733 F.2d at 649 (internal

14   quotation omitted).

15       Where amendment of a pro se litigant's complaint would be

16   futile, denial of leave to amend is appropriate. See James v.

17   Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

18            d.   **Stating a claim under 42 U.S.C. § 1983**

19       To state a claim under § 1983, the plaintiff must allege facts

20   sufficient to show (1) a person acting "under color of state law"

21   committed the conduct at issue, and (2) the conduct deprived the

22   plaintiff of some right, privilege, or immunity protected by the

23   Constitution or laws of the United States.  42 U.S.C.A. § 1983

24   (West 2012); Shah v. Cnty. of Los Angeles, 797 F.2d 743, 746 (9th

25   Cir. 1986).

26

27

28

**e.  Stating a claim for deliberate indifference**

The Eighth Amendment requires that inmates have "ready access to adequate medical care." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  Deliberate indifference to medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle, 429 U.S. at 103.  Deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Lopez, 203 F.3d at 1132-33 (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).  The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Id. (citing McGuckin, 974 F.2d at 1060).

With regard to the objective requirement, "[e]xamples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131 (quoting McGuckin, 974 F.2d at 1059-60).

Under the subjective element, prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th

8

1  Cir. 1988).  "[T]he official must be both aware of facts from which

2  the inference could be drawn that a substantial risk of serious

3  harm exists, and he must also draw the inference."  Farmer v.

4  Brennan, 511 U.S. 825, 837 (1994).  Inadequate treatment due to

5  medical malpractice, negligence, or even gross negligence, does not

6  rise to the level of a constitutional violation.  See Wilson v.

7  Seiter, 501 U.S. 294, 297 (1991) (quoting Estelle, 429 U.S. at 105-

8  06); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

9      A defendant's acts or omissions will not amount to a

10  constitutional violation unless there is reckless disregard of a

11  risk of serious harm to the prisoner.  Farmer, 511 U.S. at 836.

12  The inmate must allege that the defendant purposefully ignored or

13  failed to respond to his pain or medical needs; an inadvertent

14  failure to provide adequate care does not constitute a violation.

15  Estelle, 429 U.S. at 105-06.  The official must have "know[n] that

16  [the] inmate[] face[d] a substantial risk of serious harm and

17  disregard[ed] that risk by failing to take reasonable measures to

18  abate it."  Farmer, 511 U.S. at 847.

19      **2.  Discussion**

20          **a.  Objective element**

21      Here, as to the objective element, Butler claims that he has

22  the hepatitis C virus, a serious medical condition, and he is at

23  stage three of his liver disease; stage four is the end stage

24  (fatal stage).  (First Am. Compl 6, ECF No 23.)  Butler alleges

25  that when he was first prescribed daily doses of consensus

26  interferon, he was "at stage two of degradation of [the] disease,"

27  but an April 7, 2011 biopsy revealed that his condition had

28  worsened.  (Id.)  Plaintiff alleges that without the treatment he

1  requests, he will be "more susceptible to contract other (H.C.V.)

2  related disease[s] such as liver cancer [and] liver cirrhosis, all

3  irreparable diseases." (Id. at 8.)  Essentially, Butler argues

4  that failure to treat his hepatitis C virus will result in his

5  death.  (See id. at 6-8; and Pl.'s Mot. Amend Compl.'s Prayer 3,

6  ECF 69 (Defendants' protocols require Plaintiff to "flirt with

7  irreparable and terminal stages of disease . . . .").)

8      The Supreme Court in Erickson v. Pardus, 551 U.S. 89 (2007),

9  held that denial of hepatitis C treatment that results in

10  endangerment of a prisoner's life is sufficient to meet the

11  objective requirement for an Eighth Amendment claim based on

12  deliberate indifference to a serious medical need.  See Erickson,

13  551 U.S. at 93-94.[3]

14      Because Butler has alleged that Defendants are denying him

15  required hepatitis C treatment and that continued denial will

16  ultimately result in his death, he has adequately alleged injuries

17  "that a reasonable doctor or patient would find important and

18  worthy of comment or treatment . . . ." Lopez, 203 F.3d at 1131;

19  see also Erickson, 551 U.S. at 94.  Butler has pleaded sufficient

20  facts to satisfy the objective requirement that he suffers from a

21  serious medical need.  See id.

22          b.  Subjective element

23      To succeed on an Eighth Amendment claim, however, the

24  Plaintiff must also satisfy the subjective element of deliberate

25

26  ─────────────────

27  [3] In Erickson, "[t]he complaint stated that Dr. Bloor's decision to remove petitioner from his prescribed hepatitis C medication was 'endangering [his] life.'"  It alleged . . . prison

28  officials were . . . refusing to provide treatment.  This alone was enough to satisfy Rule 8(a)(2)."  Id. at 94 (alteration in original) (citations omitted).

indifference.  <u>Jett</u>, 439 F.3d at 1096.  Butler must allege that Defendants knew he faced a substantial risk of serious harm and acted without regard to that risk.  See <u>Farmer</u>, 511 U.S. at 836-37; <u>Estelle</u>, 429 U.S. at 104-05.  Negligent medical care is not the equivalent of a constitutional violation.  <u>Estelle</u>, 429 U.S. at 105-06.

Here, Butler "seeks permission to amend his original complaint filing . . . [based] on supplemental evidence received since [the] original complaint was filed . . . ."  (Pl.'s Mot. Amend Compl.'s Prayer 1, ECF No. 69.)  Plaintiff maintains that he "is being denied Doctor's prescribed medical care for his hepatitis [C] virus, HCV."  (<u>Id.</u> at 2.)  Butler alleges that since his First Amended Complaint, he has received supplemental information from Dr. John Zweifler, the "Deputy Medical Executive for Field Operations in the Central Area for California Correctional Health Care Services ('CCHCS')."  The medication Plaintiff seeks is "'scarce in quantity given the current economic state of (CCHCS).[']"  (<u>Id.</u> at 3.)

Plaintiff asserts that he is "at stage 3 of 4 fibrosis," and he was "prescribed specific treatment [on] July 6, 2011[,] by [an] Infections Disease Specialist . . . ."  (<u>Id.</u>)  Butler alleges that despite this prescription, he has "remained medically untreated" for fifteen months, and no date has been given for when the "prescribed treatment will be provided."  (<u>Id.</u>)  He further alleges that the "prison only monitor[s] the progression of [his] disease [and] does nothing [to] treat [the] disease to abate its progression but can only inform when [the] disease has reached

1  [its] end stages, [and] therefore cannot be considered adequate

2  [c]onstitutional medical care." (Id. at 4-5.)

3      Butler maintains that "the medicine prescribed for him wont

4  [sic] be [c]onstitutionally provided to him due to prison

5  overcrowding and the financial crisis [its] rectifying has

6  caused . . . ." (Id. at 2.) Plaintiff asserts that "[w]hen and if

7  protocols are established due to aforestated economic reasons, the

8  protocols to be established are [u]nconstitutional, as being

9  established based upon economic crisis and administrative

10 convenience[;] they deny promptly needed medical treatment for non-

11 medical reasons . . . ." (Id. at 3.) Butler alleges that this

12 denial places him at risk for "irreparable and terminal stages of

13 disease . . . ." (Id.)

14      Plaintiff maintains that "(CCHCS) may never establish

15 protocols for use of the medicine thats [sic] been prescribed for

16 plaintiff as [sic] due to the current-economic state of

17 (CCHCS) . . . ." (Id. at 4.) He continues, "When/if this

18 plaintiff is treated, many other like-confined persons would and do

19 need this same medical care, [and] the cost could/would colapse

20 (CCHCS) economically." (Id.) Butler alleges that CCHCS is

21 establishing a hepatitis C virus "policy to save money at the

22 [expense of his health], as needed treatment is denied by economic

23 concerns rather than the effective medical care of plaintiff."

24 (Id.) He asserts that this "is directly caused by prison

25 overcrowding and the cost for rectifying overcrowding." (Id.)

26      Butler contends that Defendants' decision not to provide him

27 with the medication he requests amounts to deliberate indifference

28 to his medical needs in violation of his constitutional rights.

12

1   (See id.)  Plaintiff seeks to amend his complaint to include

2   overcrowding allegations and to add to his prayer for relief a

3   request for an "En Banc panel of three Judges to consider [a]

4   Prison Release Order."  (Id. at 5.)

5        Defendants Barnett, Jayunsundara, Rivera, Walker and Glynn

6   assert that Plaintiff has failed to establish that overcrowding is

7   the "primary cause" for the failure to treat him with boceprevir

8   and telaprevir.  (Defs.' Opp'n Pl.'s Mot. Amend Compl. 2-3, ECF

9   73.)  Defendants also maintain, "It is true that [boceprevir] is

10  very expensive.  However, the other reason why such treatment is

11  saved for inmates suffering from advanced HCV disease is because of

12  serious side effects that could have an adverse impact on the

13  health of the inmate-patient."  (Id. at 2-3.)

14       Defendants also cite Dr. Zweifler's declaration, on which

15  Butler relies, but Dr. Zweifler explains that boceprevir "is highly

16  toxic with the potential for serious side effects including a

17  depletion of the inmate-patient's red and white blood cells along

18  with gastrointestinal problems and skin reactions."  (Id. at 3.)

19       In Plaintiff's Reply to Defendants' Opposition, Butler

20  addresses Defendants' claims that, because of its adverse side

21  effects, boceprevir is saved for inmates suffering from advanced

22  HCV, which Plaintiff is not.  (Pl.'s Reply Defs.' Opp'n 3, ECF No.

23  81.)  Butler maintains that this contention is "absurd" and

24  "ludicrous."  (Id.)  Plaintiff asserts that it is inappropriate for

25  Defendants to wait to treat HCV patients with boceprevir until they

26  are the "most toxic."  (Id.)  Butler continues, "Plaintiff has been

27  and is now denied medical care as a matter of economic concern and

28

crisis directly linked to – California Prison Over Crowding
. . . ."  (<u>Id.</u>)

Prison officials act with deliberate indifference when they "'intentionally interfer[e] with . . . treatment once prescribed.'" <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1165 (9th Cir. 1999) (alteration in original) (quoting <u>Estelle</u>, 429 U.S. at 104-05).  A violation may be found when a prison official deliberately ignores explicit orders from the inmate's doctor for reasons unrelated to the prisoner's medical needs.  <u>Id.</u> (citing <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1066-67 (9th Cir. 1992) (holding that intentional interference could be found when prison officials forced Hamilton to fly on an airplane, contrary to orders from the prisoner's prior physician).)

"But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."  <u>Estelle</u>, 429 U.S at 107.  At most, it may constitute medical malpractice.  (<u>Id.</u>)

Deliberate indifference may be adequately alleged where a physician pursues a treatment plan that was not "the product of sound medical judgment."  <u>Chance v. Armstrong</u>, 143 F.3d 698, 703-04 (2th Cir. 1998).  In <u>Chance</u>, the plaintiff alleged that two doctors recommended a course of treatment, "not on the basis of their medical views, but because of monetary incentives."  <u>Id.</u> at 704.  This was sufficient to allege deliberate indifference.

Similarly, in <u>Jones v. Johnson</u>, 781 F.2d 769 (9th Cir. 1986), the plaintiff alleged that he was told that he would not receive

14

1  the necessary treatment because the county had a "tight budget."

2  Id. at 771.  The court noted, "We find no other explanation in the

3  record than the budget concerns for denying Jones's surgery.

4  Budgetary constraints, however, do not justify cruel and unusual

5  punishment."  Id.  In another case, for budgetary reasons, one

6  doctor is alleged to have "nixed the diagnostic tests required by

7  the treating physicians."  Goring v. Elyona, No. 96 C 4521, 1997

8  U.S. Dist. LEXIS 1464, at *7 (N.D. Ill. Feb. 13, 1997).

9        Goring insinuates that Dr. Elyea based his decision not
          to follow through on the request for further diagnostic
10        measures recommended by Dr. Doe on fiscal rather than
          medical concerns.  Denial of necessary care for a serious
11        medical condition because of budgetary constraints may
          give rise to a colorable claim under the Eighth
12        Amendment.  The reasons for Elyea's decision are not
          disclosed in the limited record before the court.

13

14  Id. (internal citation omitted).  The court declined to dismiss the

15  claim against Dr. Elyea.

16        Butler alleges that Defendants failed to provide him with his

17  "Doctor's prescribed medical care for his hepatitis [C] virus

18  (HCV)."  (Pl.'s Mot. Amend Compl.'s Prayer 2, ECF No. 69.)

19  "Refusing to treat a progressively degenerative condition that is

20  potentially dangerous and painful if left untreated may constitute

21  deliberate indifference."  Jolley v. Corr. Managed Health Care,

22  3:04-cv-1582 (RNC), 2008 U.S. Dist. LEXIS 106854, at *10, (D. Conn.

23  Jan. 30, 2008).

24        Plaintiff has asserted that the Defendants failed to provide

25  the prescribed medical care in order to "save money."  (Pl.'s Mot.

26  Amend Compl.'s Prayer 4, ECF No. 69.)  Butler alleges that "needed

27  treatment is denied by economic concerns rather than the effective

28  medical care of plaintiff."  (Id.)  He rests the allegation on a

single statement made by Dr. Zweifler in his declaration that the
medication prescribed for Plaintiff "is scarce in quantity given
the current economic state of (CCHCS)." (<u>Id.</u> at 3.)  This comment
does not go so far as to state that Butler is being denied
boceprevir because of its cost. (<u>See</u> <u>id.</u>)

Defendants Barnett, Jayunsundara, Rivera, Walker, Zamora and
Glynn, offer other reasons for not providing Plaintiff with
boceprevir. (Defs.' Opp'n Pl.'s Mot. Amend Compl. 2-3, ECF 73.)
In their opposition, Defendants assert that the "treatment is saved
for inmates suffering from advanced HCV disease . . . because of
side effects that could have an adverse impact on the health of the
inmate-patient." (<u>Id.</u> at 2-3.)  They further point out that Dr.
Zweifler also states that the medication is "highly toxic with the
potential for serious side effects including a depletion of the
inmate-patient's red and white blood cells along with
gastrointestinal problems and skin reactions." (<u>Id.</u> at 3.)

As stated above, the Court need not accept conclusory
allegations in a complaint or motion to amend; rather, it must
"'examine whether [they] follow from the description of facts as
alleged by the plaintiff.'" <u>Holden</u>, 978 F.2d at 1121 (quoting
<u>Brian Clewer, Inc. v. Pan American World Airways, Inc.</u>, 674 F.
Supp. at 785).  Butler alleges that Defendants have failed to
provide him with boceprevir in order to save money. (Pl.'s Mot.
Amend Compl.'s Prayer 4, ECF No. 69.)  Plaintiff further asserts
that the need to "save money" arises from prison "overcrowding and
the cost for rectifying overcrowding." (<u>Id.</u>)  He concludes that
Defendants' failure to provide him with boceprevir is based solely
on budgetary constraints, not medical judgment. (<u>See</u> <u>id.</u> at 4-5.)

16

1  Based on this, Butler alleges that Defendants acted with deliberate
2  indifference. (<u>Id.</u>)

3      The Court is not required to "accept as true allegations that
4  are merely conclusory, unwarranted deductions of fact, or
5  unreasonable inferences." <u>Sprewell</u>, 266 F.3d at 988.  Butler's
6  broad allegations against the multiple Defendants are based on
7  unreasonable inferences unsupported by facts. <u>See</u> <u>Holden</u>, 978 F.2d
8  at 1121.  If a specific Defendant had decided to deny Plaintiff the
9  medication based solely on monetary concerns, Plaintiff would have
10 a colorable claim for deliberate indifference. <u>See</u> <u>Goring</u>, 1997
11 U.S. Dist. LEXIS 1464, at *7.  This is not the case.  Plaintiff
12 does not support his claim with factual allegations directed to
13 each Defendant. (<u>See</u> Pl.'s Mot. Amend Compl.'s Prayer , ECF No.
14 69.)  Instead, he draws an inference based on a single reference to
15 medication being scarce because of economic constraints.  Butler
16 has failed to provide the sufficient factual allegations necessary
17 to allow the Court to accept his ultimate conclusion that prison
18 overcrowding created a financial strain on the prison that led to
19 the decision by multiple Defendants that Butler would not be
20 treated with boceprevir. <u>See</u> <u>Holden</u>, 978 F.2d at 1121.

21     Further, Defendants provide additional reasoning based on
22 sound medical judgment for not treating Butler with boceprevir and
23 telaprevir. (<u>See</u> Defs.' Opp'n Pl.'s Mot. Amend Compl. 2-3, ECF No.
24 73.)  Without more, Butler's assertion that the Defendants' failure
25 to provide the requested medication constitutes deliberate
26 indifference is insufficient to state a claim against the six
27 Defendants. <u>See</u> <u>Estelle</u>, 429 U.S. at 107.
28

17

11cv02684 CAB(RBB)

1    Although Plaintiff has sufficiently pleaded a serious medical

2  need, he has not asserted facts sufficient to show that prison

3  overcrowding caused each Defendant to be deliberately indifferent

4  to Butler's medical needs in violation of the Eighth Amendment.

5  See Jett, 439 F.3d at 1096.

6    Thus, Plaintiff's Motion to Amend his Complaint and prayer for

7  relief can be denied on this basis.

8  **C.   <u>Motion for Leave to Amend is Futile</u>**

9    Even if Plaintiff had sufficiently pleaded an Eighth Amendment

10  violation due to overcrowding, his motion to amend to add a request

11  for a prison release order is futile.

12    In this case, Defendant Kelso filed his Answer on June 7, 2012

13  [ECF No. 26].  After an answer, "a party may amend its pleading

14  only with the opposing party's written consent or the court's

15  leave."  Fed. R. Civ. P. 15(a).  "The court should freely give

16  leave when justice so requires."  Id.  It rests in the sound

17  discretion of the trial court whether to grant leave to amend.  See

18  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (citing Outdoor

19  Sys., Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993)).

20    In general, "Rule 15's policy of favoring amendments to

21  pleadings should be applied with 'extreme liberality.'"  United

22  States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing

23  Rosenberg Bros. & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per

24  curium)).  The policy favoring amendments under Rule 15(a) "is

25  applied even more liberally to pro se litigants" than to parties

26  represented by counsel.  Eldridge v. Block, 832 F.2d 1132 (9th

27  Cir. 1987).  It is only where an amendment of a pro se litigant's

28  complaint would be futile that denial of leave to amend is

1  appropriate.  <u>Lopez v. Smith</u>, 203 F.3d at 1131; <u>Cahill v. Liberty</u>

2  <u>Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

3      The factors to be considered in deciding whether to grant a

4  motion to amend are "bad faith, undue delay, prejudice to the

5  opposing party, futility of the amendment, and whether the party

6  has previously amended his pleadings."  <u>Bonin</u>, 59 F.3d at 845

7  (citing <u>W. Shoshone Nat'l Council v. Molini</u>, 951 F.2d 200, 204 (9th

8   Cir. 1991)).

9      In this case, granting Plaintiff leave to amend the Complaint

10  would be futile.  Butler requests an "En Banc panel of three Judges

11  to consider [a] Prison Release Order."  (Pl.'s Mot. Amend Compl.'s

12  Prayer 5, ECF 69.)  This specific relief, however, is available

13  pursuant to 18 U.S.C. § 3626(a)(3).  18 U.S.C.A. § 3626(a)(3) (West

14  2000).

15      Defendants Barnett, Jayunsundara, Rivera, Walker, Zamora, and

16  Gylnn assert that Butler does not meet the requirements for a

17  prison release order, and the request to amend is therefore futile.

18  (Defs.' Opp'n Pl.'s Mot. Amend Compl. 2, ECF 73.)

19      [P]rison release orders are permitted only if previous,
    less intrusive relief has failed to remedy the federal
20      law violation in a reasonable time.  A release order must
    be supported by clear and convincing evidence that
21      "crowding is the primary cause of the violation of a
    Federal right" and no other relief will remedy the
22      violation.

23  (<u>Id.</u> (citing 18 U.S.C. § 3626(a)(3)(E)(i)-(ii)).)  Defendants

24  maintain that Butler has not shown that overcrowding is the

25  "primary cause" of the denial of requested treatment.  (<u>Id.</u>)

26      Defendants further allege that Butler has failed to show that

27  "no other relief will remedy the violation."  (<u>Id.</u> at 2.)  In

28  Defendants' Supplemental Brief in Opposition to Plaintiff's Motion

19

11cv02684 CAB(RBB)

to Amend, they cite <u>Brown v. Plata</u>, __ U.S. __, __, 131 S. Ct.
1910, 1922 (2010), for the proposition that "'[t]he authority to
order release of prisoners as a remedy to cure a systematic
violation of the Eighth Amendment is a power reserved to a three-
judge district court, not a single judge district court.'" (<u>Id.</u> at
3.) The remedy Butler seeks is not available in this action.
Therefore, he does not meet the requirements for a prison release
order. (<u>Id.</u>)

     Prison Release Orders are governed by 18 U.S.C. § 3626
subsection (a)(3)(A).

          In any civil action with respect to prison
          conditions, no court shall enter a prison release order
          unless --

               (i) a court has previously entered an order for
          less intrusive relief that has failed to remedy the
          deprivation of the Federal right sought to be
          remedied through the prison release order . . . .

18 U.S.C.A. § 3626(a)(3)(A).

     Plaintiff does not allege that a district court has previously
entered an order granting him less intrusive relief. Thus, Butler
is unable to meet the requirements for a prison release order; his
request is futile; and the motion to amend may be denied on this
basis. <u>See</u> <u>Nagast v. Dep't of Corr.</u>, No. ED CV 09-1044-CJC (PJW)
2012 U.S. Dist. LEXIS 59309, at *7-8 (C.D. Cal. Feb. 28, 2012)
(citing 18 U.S.C. § 3626(a)(3)(b)). In <u>Nagast</u>, the plaintiff
sought an order under 18 U.S.C. § 3626 asking that he be released
due to overcrowding. The court held that "[a] prisoner release
order may only be issued if 'a court has previously entered an
order for less intrusive relief that has failed to remedy the
deprivation of the Federal right sought to be remedied through the

20

1  prison release order' . . . ." Id. at *8 (quoting 18 U.S.C. §

2  3626(a)(3)(A)).  The court found that because Plaintiff had not

3  been granted previous relief, "[he] cannot bring a claim under

4  § 3626 . . . [and] this claim is dismissed with prejudice." Id.

5  (citing 18 U.S.C. § 3626(a)(3)(B)).

6                     **III.  CONCLUSION**

7      For the reasons discussed above, Butler has failed to state

8  claim for which relief may be granted.  Even ignoring this defect,

9  Plaintiff has not shown that he is entitled to the requested

10  relief.  On both bases, Butler's Motion to Amend His Complaint's

11  Prayer [ECF No. 69] is **DENIED.**[4]

12      IT IS SO ORDERED.

13

14  DATED:  May 2, 2013

15                              Ruben B. Brooks, Magistrate Judge
                                United States District Court
16  cc:
    Judge Bencivengo
17  All Parties of Record

18

19

20

21

22

23

_____

24      [4]  The Court has issued an order, rather than a report and
    recommendation, and agrees that "a motion to amend is not a
25  dispositive motion because by its nature it only seeks to add or
    amend claims or [parties] rather than dismiss the action in its
26  entirety."  Fernandez v. Nevada, No. 3:06-cv-0628-LRH-RAM, 2011
    U.S. Dist. LEXIS 6162, at *8 (D. Nev. Jan. 18, 2011); accord Pat
27  Pelligrini Flooring Corp. v. Itex Corp., No. CV 09-376-AC, 2010
    U.S. Dist. LEXIS 25856, at *4 (D. Or. Mar. 16, 2010); Darney v.
28  Dragon Prods. Co., LLC, 266 F.R.D. 23, 25 (D. Me. 2010); Everett v.
    Cherry, 671 F. Supp. 2d 819, 820 (E.D. Va. 2009).